1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH WAYNE RICH,

11            Petitioner,              No. CIV S-05-0892 MCE GGH P

12      vs.

13   ROSEANNE CAMBPELL, Warden,

14            Respondent.             <u>ORDER</u>

15   _____/

16            Petitioner is a state prisoner proceeding pro se and in forma pauperis with an

17   application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18            Examination of the in forma pauperis affidavit reveals that petitioner is unable to

19   afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis will be

20   granted.  <u>See</u> 28 U.S.C. § 1915(a).

21            Since petitioner may be entitled to the requested relief if the claimed violation of

22   constitutional rights is proved, respondents will be served with the petition, but shall not file a

23   response at the present time.

24            In light of the length of petitioner's sentence, the court has determined that the

25   interests of justice require appointment of counsel.  <u>See</u> 18 U.S.C. § 3006A(a)(2)(B); <u>see also</u>

26   <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

1

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The Federal Defender is appointed to represent petitioner;

3. Counsel is directed to contact the Clerk's Office to make arrangements for copies of the file;

4. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

     a. The number of days petitioner's counsel estimates it will take to file either:

          1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

          2. An amended petition which will proceed on exhausted claims only; or

          3. A statement which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.[2]

     b. Discovery and investigations;

     c. Anticipated motions;

     d. The need for and timing of an evidentiary hearing;

     e. Enumeration and resolution of unexhausted claims; and

---

[1]   Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).

[2]   If not all claims in the original petition are exhausted, an amended "exhausted claims only" petition must be filed along with the statement indicating petitioner's intent to pursue unexhausted claims and **good cause for petitioner's having failed to exhaust before filing in federal court**. Of course, if no claims in the original petition have been exhausted, the case must be dismissed as opposed to stayed.

f.  Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement.  Failure to do so may result in sanctions.

5.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jo Graves, Senior Assistant Attorney General.

DATED:   7/12/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rich0892.110

3