IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE RICH,

    Petitioner,                    No. CIV S- 05-0892 MCE GGH P

    vs.

ROSEANNE CAMPBELL, Warden,

    Respondent.                 ORDER

_____/

         Petitioner, proceeding with appointed counsel, has filed a petition pursuant to 28 U.S.C. §2254. On February 2, 2006, petitioner's December 27, 2005 motion to stay and abey the petition pending state court exhaustion of newly identified claims came on for hearing. Carolyn Wiggin appeared for petitioner. Susan Bunting represented the respondent. After oral argument, the matter was submitted, and the court informed the parties that a stay would be recommended.

         However, prior to this court's issuance of Findings and Recommendations with respect to petitioner's motion to stay, petitioner filed an unopposed motion, on February 17, 2006, seeking to withdraw the motion to stay and stating that petitioner elected not to proceed to exhaust newly identified claims[1] or even to proceed on all of the exhausted claims that were set

---

[1] Petitioner had identified thirteen such unexhausted claims. See Motion to Stay, pp. 6-10.

1

forth in the first amended petition.  This new matter has been set for hearing on March 30, 2006.

Petitioner has submitted as Exhibit A, a proposed second amended petition, which sets forth only one claim on which petitioner now elects to proceed: by imposing an upper-term sentence, the trial court violated petitioner's constitutional rights under the Sixth and Fourteenth Amendments, as discussed in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).  This claim is the first of five set forth in the first amended petition.

For the sake of clarity and because the motion is unopposed, the court will grant petitioner's motion to file a second amended petition, which sets forth only the single remaining claim.  The need for a hearing on the motion having been rendered moot, the unopposed motion to waive oral argument will also be granted.   The timeline for subsequent filings is also set forth.[2]

Accordingly, IT IS ORDERED that:

1. Petitioner's unopposed motion, filed February 17, 2006, to withdraw petitioner's motion for stay and abeyance of the first amended petition is granted, and the December 27, 2005 motion to stay is vacated;

2. Petitioner's unopposed motion, filed February 17, 2006, to file a second amended petition and proceed only on the exhausted claim therein set forth is granted;

3. The parties' request that oral argument be waived on the February 17, 2006 unopposed motion is granted, any hearing having been rendered moot by this order, and the March 30, 2006 hearing date is vacated from the court's calendar;

4. The Clerk of the Court is directed to docket, file, or entered as filed, the proposed second amended petition, Exhibit A to petitioner's February 17, 2006 motion, so that it becomes the operative second amended petition filed as of the date of this order;

---

[2] These deadlines were initially set by Order, filed on September 26, 2006.

5. Petitioner's request for 30 days from the date of this order to file and serve a supplemental memorandum of points and authorities is granted;

6. Respondent must, thereafter, file an answer or responsive motion within 45 days, after which petitioner must, within 30 days, file any reply to the answer or an opposition to a motion, as appropriate; if respondent files a motion, any reply to petitioner's opposition must be filed within 15 days of service thereof.

DATED:  2/28/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rich0892.ord